IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| HAWK TECHNOLOGY SYSTEMS, LLC | PLAINTIFF/ COUNTER-DEFENDANT |
| v. | CAUSE NO. 1:18CV211-LG-RHW |
| NEW PALACE CASINO, LLC, as Owner/Operator of Palace Casino Resort | DEFENDANT/ COUNTER-PLAINTIFF |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF TIME TO FILE AN AMENDED COMPLAINT

**BEFORE THE COURT** is the [18] Motion to Dismiss filed by the defendant/counter-plaintiff, New Palace Casino, LLC, in this patent case. The parties have fully briefed the Motion. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that New Palace's Motion should be granted because the Second Amended Complaint filed by the plaintiff/counter-defendant, Hawk Technology Systems, LLC, fails to state a claim on which relief may be granted.

## BACKGROUND

Hawk filed this patent infringement lawsuit against New Palace on June 15, 2018, and twice amended its complaint. In its second amended complaint, Hawk explains that it "was formed in 2012 to commercialize the inventions of its founder, Barry Schwab." (2d Am. Compl. 2, ECF No. 15.) Hawk alleges that New Palace "uses a video storage and display system and methods that infringe" two of Hawk's patents — the '462 patent and the '342 patent. Hawk claims that a claim chart it

attached to its complaint as exhibit A explains how New Palace infringes on its patents. The claim chart compares claims of its patents with features of the Pelco Endura video management system, but neither the complaint nor the claim chart explains the connection between New Palace and the Pelco Endura.[1] New Palace filed the present Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

Generally, Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015). This standard applies to complaints for patent infringement. *Howard v. Ford Motor Co.*, No. 1:16cv127-LG-RHW, 2016 WL 4077260, at *2 (S.D. Miss. July 29, 2016).

The conclusory assertion in Hawk's complaint that New Palace "uses a video storage and display system and methods" that infringe on its patents is insufficient to state a plausible claim for relief. In addition, the parties agree that the patents

---

[1] The claim chart filed with the original complaint described a different video system, the Ganz ZNS NVR, with no explanation of the connection between New Palace and the Ganz system.

referenced in the complaint have expired, but the complaint does not contain any facts that would support Hawk's claim for recovery as to these expired patents. New Palace asks the Court to deny Hawk leave to amend its complaint, because Hawk has previously filed three complaints in this lawsuit and has filed a similar complaint that was deemed insufficient in another jurisdiction. *See generally Hawk Tech. Sys., LLC v. Brickell Fin. Centre, LLC*, No. 13-24005-CV-SEITZ, 2014 WL 11946879 (S.D. Fla. Feb. 27, 2014).

"[A] plaintiff's failure to meet the specific pleading requirements should not automatically or inflexib[ly] result in dismissal of the complaint with prejudice to re-filing." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). "Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Id.* This case presents a very close question, but Hawk will be granted one more opportunity to amend its complaint. The Court will deny New Palace's request for attorney's fees, expenses, and costs at this time, but the Court may reconsider that request if Hawk should file any other deficient pleadings in this lawsuit.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [18] Motion to Dismiss filed by the defendant/counter-plaintiff, New Palace Casino, LLC, is **GRANTED**. The plaintiff, Hawk Technology Systems, LLC, is granted fifteen days from the date of this Order to file a third amended complaint.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, if Hawk Technology Systems, LLC, fails to file a third amended complaint within fifteen days of the date of this Order, this lawsuit may be dismissed without further notice.

**SO ORDERED AND ADJUDGED** this the 11th day of March, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE